

# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND (BALTIMORE)

JAMES DINKINS

—against—   Case Number: 1:06-cr-00309-JFM-1

UNITED STATES OF AMERICA   RDB-18-2170

## MOTION TO VACATE JUDGMENT UNDER 28 U.S.C. § 2255

Petitioner, James Dinkins, pro se, hereby files a motion to set aside the judgment in this case and correct (in part) his sentence pursuant to 28 U.S.C. § 2255 in light of Sessions v. Dimaya, 138 S.Ct. 1204 (April 17, 2018).

Mr. Dinkins respectfully requests leniency in presenting this motion due to the fact that he is not a lawyer, but trusts that in the courts Judicial Benevolence it apply all the benefits of the "Liberal Construction Standard." See Haines v. Kerner, 404 U.S. 519 (1972) (explaining courts application of the Liberal Construction Standard on behalf of pro-se litigants, as opposed to the standards applicable to litigation of professional attorney's).

Dinkins also reminds the court that the pleadings submitted and presented hereinafter should be construed so as to do substantial justice in this case. See Federal Rules of Civil Procedure 8(e).

On _____ Dinkins, was convicted of multiple counts of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. §§ 924(c) and 924(j)'s. Dinkins was also convicted of one count of Conspiracy To Distribute & Possess With Intent to Distribute Controlled Substance

in violation of 21 U.S.C. § 846.)). Specifically, counts 5, and 6 alleged that the underlying "crime of violence" for the §§ 924(j) and 924(c) charges was count one (1) Conspiracy To Distribute & Possess With Intent to Distribute Controlled Substance in violation of 21 U.S.C. 846. However, post-*DIMAYA*, Conspiracy (§846) categorically fails to qualify as a "crime of violence." Therefore Dinkins is now innocent of both, Count 5 (§924(c)) and Count 6 (924(j)) offense, and his convictions in void.

The §§ 924(c) (count 5), and 924(j) (count 6) residual clause is materially indistinguishable from Armed Career Criminal Act (ACCA) residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) that the Supreme Court in *DIMAYA* struck down as void for vagueness. Also see, *Johnson v. United States*, 135 S. Ct. 2551 (2015). Hence, a Conspiracy (21 U.S.C. § 846) offense categorically fails to qualify as a "crime of violence" under the remaing §§ 924(c), and 924(j) force clause. Therefore, the "crime of violence" element of §§ 924(c), and 924(j) cannot be-satisfied here, and a conviction cannot be constitutionally sustained under the statute, see *United States v. David Shumilo*, 2016 U.S. Dist. Lexis 152818 (9th Cir. 2016) (quoting *Taylor v. United States*, (under Taylor's categorical approach, "courts may not look to particular facts underlying" a conviction in determining whether an offense categorically in a crime of violence id. at 495 U.S. at 60)

As a result, Mr. Dinkins §§ counts 5 (924(c) and 6(924(j)) convictions (1) violates due process, (2) violates the laws of the United States and results in a fundamental miscarriage of justice, and (3) was entered in excess of this Court's jurisdiction. Therefore, he is entitled to relief under 28 U.S.C. § 2255(a).

Mr. Dinkins' petition is timely filed under 28 U.S.C. §2255 (f)(3) because he filed it well within one year of the Supreme Court's decision in <u>Sessions v. Dimaya</u> - a ruling which establish a "new recognized" right that is "retroactively applicable to cases on collateral review." Therefore, Dinkins respectfully requests that this honorable court grant his §2255 motion and vacate his count 5 (§924(c)) and count 6 (§924(j)), convictions and sentence.

DATE: 7-1-2009

Respectfully submitted,

*James Dinkins* (signature)

James Dinkins
Reg. No.
USP-Allenwood
P.O. Box 3000
White Deer, PA 17887

## CERTIFICATE OF SERVICE

I hereby certify that on this 8TH day of July, 2018, a true and correct copy of the foregoing was mailed to the Clerk of Court for the District Court of Maryland (Baltimore) for uploading in the CM/ECF system, which shall send electronic notification to the following:

United States Attorney's Office