IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CIVIL NO. RDB-18-2170 |
| v. | * | |
| | * | CRIMINAL NO. RDB-06-309 |
| JAMES DINKINS | * | |
| | * | |
| | ******* | |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION TO VACATE JUDGMENT PURSUANT TO 28 U.S.C. § 2255

The United States of America, by its undersigned counsel, respectfully submits the following response in opposition to Petitioner's *pro se* Motion to Vacate Judgment under 28 U.S.C. § 2255. ECF 546. The motion should be summarily denied, as it is successive without authorization from the U.S. Court of Appeals for the Fourth Circuit.

### PROCEDURAL BACKGROUND

A federal grand jury indicted James Dinkins ("Petitioner") via a fourth superseding indictment for various crimes including, Count One: conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846; Count Four: witness tampering and aiding and abetting, in violation of 18 U.S.C. § 1512 and 18 U.S.C. § 2; Count Five: possession and discharging of a firearm in furtherance of a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2; Count Six: knowingly causing the death of a person through the use of a firearm, in violation of 18 U.S.C. § 924(j) and 18 U.S.C. § 2; Counts Seven and Eight: possession and discharge of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2; and, Count Nine: knowingly causing the death of a person through the use of a firearm, in violation of 18 U.S.C. § 924(j) and 18 U.S.C. § 2.

After a lengthy trial, a jury convicted Petitioner of all counts.  On July 8, 2009, the Court sentenced Petitioner to 480 months' imprisonment as to Count One and life imprisonment as to the remaining counts, resulting in a total sentence of life imprisonment plus 40 years.  Petitioner's convictions were affirmed on direct appeal. *United States v. Dinkins*, 691 F.3d 358, 362 (4th Cir. 2012).

On August 23, 2013, Petitioner filed his first Motion to Vacate under 28 U.S.C. § 2255. ECF 437.  The Court denied it on December 16. 2013.  ECF 451, 452.  Petitioner appealed the denial, and the Fourth Circuit denied a certificate of appealability and dismissed the appeal. *United States v. Dinkins*, 569 F. App'x 159, 160 (4th Cir. 2014).

Petitioner filed a second § 2255 motion on March 21, 2014.  ECF 462.  The Court denied the motion as second or successive without authorization by the Fourth Circuit on March 31, 2014. ECF 463.  Petitioner filed a third § 2255 motion on April 30, 2014 (ECF 468), which was also denied as successive without authorization.  ECF 469.

On May 27, 2014 Petitioner filed a motion under 28 U.S.C. § 2244 for an order authorizing the district court to consider a second or successive application for relief under 28 U.S.C. § 2255 with the Fourth Circuit.  *See In re: James Dinkins*, No. 14-258.  Authorization was denied on June 19, 2014.  ECF 472.

On July 13, 2018, Petitioner filed the instant Motion to Vacate Judgment under 28 U.S.C. § 2255.[1]  ECF 546.  On July 18, 2018, this Court issued an order requiring the Government to respond to the § 2255 motion within 60 days.  ECF 548.  In his motion, Petitioner claims that he

---

[1] Petitioner also filed a *pro se* Motion to Appoint Counsel on the same day.  ECF 547.  In that motion, Petitioner requested counsel to represent him in litigating the instant § 2255 motion.  The Government submits the Motion to Appoint Counsel should be denied because Petitioner's § 2255 motion is meritless for the reasons discussed in this response.

is entitled to relief pursuant to the decision in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018) and *Johnson v. United States*, 135 S.Ct. 2551 (2015).  The Government submits this motion should also be denied as successive without authorization by the Fourth Circuit.

## **LEGAL ANALYSIS**

**I.     Petitioner is not eligible for resentencing under *Dimaya*, as his 28 U.S.C. § 2255 motion is successive, and he has not secured authorization from the Fourth Circuit.**

Congress placed "significant restrictions on prisoner litigation" through the enactment in 1996 of the Antiterrorism and Effective Death Penalty Act (AEDPA). *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003).  One of AEDPA's key provisions requires that the filing of a "second or successive motion" brought under § 2255 must be authorized in advance by "a panel of the appropriate [circuit] court of appeals[…]" 28 U.S.C. § 2255(h).  *See United States v. Poole*, 531 F.3d 263, 266 n.4 (4th Cir. 2008) (same).  Absent such authorization, a district court must deny a second or successive § 2255 motion for lack of jurisdiction. *See* 28 U.S.C. § 2255; *Winestock*, 340 F.3d at 205 ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider a [second or successive] application[…]").

Here, Petitioner has not filed a request for authorization to file a successive § 2255 motion with the Fourth Circuit.  Hence, Petitioner's successive motion (ECF 546) has not been authorized and should be denied summarily because this Court lacks jurisdiction.  The docket reflects that the previously filed § 2255 petition was denied as meritless on December 16, 2013 (ECF 452), and the denial was affirmed on appeal. *See United States v. Dinkins*, 569 F. App'x 159, 160 (4th Cir. 2014).  Thus Petitioner's current § 2255 petition (ECF 546) is a successive collateral review application.  Moreover, on May 27, 2014, Petitioner filed a *pro se* motion under 28 U.S.C. § 2244 for authorization to file a successive habeas application.  *See In re: James Dinkins*, No. 14-258.

The Fourth Circuit denied Authorization on June 19, 2014. ECF 472. Yet Petitioner failed to submit a similar request before filing the instant motion. Petitioner's past filings show that he has knowledge of this requirement.

Accordingly, this Court should dismiss Petitioner's pending second or successive § 2255 petition for lack of jurisdiction.

## II.   *Dimaya* has no effect on 18 U.S.C. § 924(c) convictions predicated on drug trafficking.

Even if Petitioner could bring this motion, it should nevertheless be dismissed as meritless. In *Dimaya*, the Supreme Court held that the residual clause of 18 U.S.C. § 16 was unconstitutionally vague in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act ["ACCA"] definition for "violent felony"[2] as unconstitutionally vague. *Johnson*, 135 S.Ct. at 2558. Essentially, the Petitioner argues that *Dimaya's* holding applies to the § 924(c)(3)(B) residual clause.[3]

Petitioner's argument is without merit. Even assuming *arguendo* that the holding in *Dimaya* applies with equal force to the residual clause language in the § 924(c) definition of a crime of violence, that would have no relevance to Petitioner's case. Petitioner's § 924(c)

---

[2] The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year [...] that—
(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).
The residual clause is the part that states "or otherwise involves conduct that presents a serious potential risk of physical injury to another."

[3] 18 U.S.C. § 924(c)(3) defines a crime of violence as: "(A) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

4

convictions were predicated upon drug trafficking crimes, not crimes of violence. *See* ECF 340 (Judgment and Commitment Order). *Johnson* and *Dimaya* have no impact on the definition of a drug trafficking crime in § 924(c)(2)[4] because it contains no residual clause. *See United States v. Hare*, 820 F.3d 93, 106 (4th Cir. 2016) (denying Johnson-based challenge to § 924(c) conviction because it was predicated on both drug trafficking and a crime of violence); *United States v. Johnson*, 2018 WL 2063993, at *3 (D.S.C. May 3, 2018) ("the Supreme Court's holding in *Dimaya* has no effect on convictions for § 924(c) based on drug trafficking crimes").

Therefore, because Petitioner's § 924(c) conviction was in relation to a drug trafficking crime and not a crime of a violence, *Dimaya* and *Johnson* have no impact on his conviction or sentence. Accordingly, relief should be denied outright in this matter.

## CONCLUSION

For the reasons stated herein, the Government respectfully requests that this Court summarily deny Petitioner's motion.

          Respectfully submitted,

          Robert K. Hur
          United States Attorney

By: _____/s/_____
       Ellen E. Cobb
       Special Assistant United States Attorney

       _____/s/_____
       David I. Salem
       Assistant United States Attorney

---

[4] 18 U.S.C. § 924(c)(2) defines a drug trafficking crime as: "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46."

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on September 12, 2018, a copy of the foregoing Response was mailed to:

James Dinkins, # 05235-748
USP Allenwood
U.S. Penitentiary
P.O. Box 3000
White Deer, PA 17887

                                 By:     _____/s/_____
                                           Ellen E. Cobb
                                           Special Assistant United States Attorney

                                           _____/s/_____
                                           David I. Salem
                                           Assistant United States Attorney