IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. RDB-06-0309 |
| JAMES DINKINS, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Defendant James Dinkins ("Defendant" or "Dinkins") is currently serving a sentence of life imprisonment plus forty years for murder, witness retaliation, drug-trafficking, and firearms offenses. On June 23, 2020, Dinkins filed the presently pending Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c) (ECF No. 576) in which he contends that because his various medical conditions place him in the highest risk category for complications and death from the COVID-19 virus, he should be granted immediate release.[1] The Government opposes his release. (ECF No. 587 *SEALED*.) While Dinkins has demonstrated health issues sufficient for this Court to consider his request, analysis under the sentencing factors provided in 18 U.S.C. § 3553(a) does not support a reduction in his sentence. (*Id.*) For the reasons stated herein, Dinkins' Motion for Compassionate Release (ECF No. 576) is DENIED.

## BACKGROUND

---

[1] On July 16, 2018, Dinkins' case was reassigned to the undersigned judge.

1

On November 13, 2007, Dinkins was charged in a Fourth Superseding Indictment with the following crimes: conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count One); witness tampering and aiding and abetting, in violation of 18 U.S.C. § 1512 (Count Four); possession and discharging of a firearm in furtherance of a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. § 924(c) (Count Five); knowingly causing the death of a person through the use of a firearm, in violation of 18 U.S.C. § 924(j) (Count Six); possession and discharge a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Counts Seven and Eight); and knowingly causing the death of a person through the use of a firearm, in violation of 18 U.S.C. § 924(j) (Count Nine). (ECF No. 100.) Following a twenty-seven day trial, a jury convicted Dinkins and his co-defendants on all counts. (ECF No. 340.)

The facts of the case were set forth in the published opinion by the United States Court of Appeals for the Fourth Circuit affirming the convictions of Dinkins and his co-defendants. *See United States v. Dinkins*, 691 F.3d 358 (4th Cir. 2020). In sum, Dinkins served as an "enforcer" of a drug-trafficking organization known as "Special" and committed murders "for hire." *Id.* at 363. In 2005, Dinkins agreed to kill an individual suspected to be a government informant in exchange for several thousand dollars. *Id.* at 364. He committed that murder on September 10, 2005. *Id.* In 2004, Dinkins also agreed to kill a witness for an upcoming state murder trial, and while he and another member of Special shot that witness several times, he survived. *Id.* Additionally, Dinkins shot and killed another member of Special in 2005 as a result of some disagreement between the two men regarding the failed attempt to murder the trial witness. *Id.* at 364-65.

On July 8, 2009, Dinkins appeared before this Court for sentencing. (ECF No. 340.) After hearing from the parties, Judge J. Frederick Motz of this Court sentenced Dinkins as follows: 480 months' imprisonment on Count One; life imprisonment as to Count Four; life imprisonment as to Count Five; life imprisonment as to Count Six to run concurrent with Count Five; life imprisonment as to Count Seven to run consecutive to Counts Five and Six; life imprisonment as to Count Eight to run consecutive with Count Seven; and life imprisonment as to Count Nine to run concurrent with Count Eight, for a total term of life imprisonment plus 40 years. (*Id.*)

Dinkins appealed his conviction. (ECF No. 344.) His conviction was affirmed on August 14, 2012. *See Dinkins*, 691 F.3d 358. Dinkins has sought to vacate his sentence pursuant to 28 U.S.C. § 2255. (*See* ECF Nos. 437, 462, 546.) All such motions have been dismissed or denied. (*See* ECF Nos. 452, 463, 469, 557.) On July 16, 2018, Dinkins' case was reassigned to the undersigned judge.

On June 23, 2020, the Defendant filed the presently pending Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c) (ECF No. 576). In his Motion, Dinkins argues that his immediate release is appropriate given his various serious medical conditions which put him at an increased risk of a severe case if he were to contract COVID-19. (*Id.*) Medical records from the Bureau of Prisons ("BOP") reflect a number of serious medical issues including uncontrolled diabetes, controlled hyperlipidemia, polyneuropathy, controlled hypertension, sleep apnea, stage 3 chronic kidney disease, cervical disc disease with no myelopathy, diabetic retinopathy, and amputation of toes due to diabetic nonhealing ulcers. (Ex. 1, ECF No. 587-1 *SEALED*.) Dinkins' records also, however, suggest that his medical

issues have been exacerbated by his refusal to cooperate with medical providers and his refusal to follow medical advice.  (*Id.* *SEALED*; Ex. 2 at 8, 21, 67, 74, 103, 119, 128, 132, 211, 250, 253, 257, 344, ECF No. 587-2 *SEALED* (refusing to submit to various testing, appear for treatment, or follow directions of doctors, and aggressive behavior toward staff members during treatment).)

## ANALYSIS

The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison.  Prior to the passage of the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court.  With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence.  The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" and after weighing the factors presented in 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A)(i).

The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). 28 U.S.C. § 994(t).  Of relevance here, the Commission has determined that

"extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Additionally, the Sentencing Commission has authorized the BOP to identify other extraordinary and compelling reasons "other than, or in combination with" the reasons identified by the Commission. *Id.* § 1B1.13 cmt. n.1(D).

Although potentially useful guides, neither the Sentencing Commission's guidelines nor the BOP's regulations constrain this Court's analysis. As Judge Catherine C. Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the BOP's authority over compassionate release petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020). Exercising that discretion, this Court has determined that a heightened susceptibility to COVID-19 may present extraordinary and compelling reasons for a sentence reduction. *See, e.g.*, *United States v. Hurtt*, JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020).

The Government does not contend that Dinkins has failed to exhaust administrative remedies, nor that he has failed to present extraordinary and compelling reasons for release given his various medical conditions. (ECF No. 587 at 14 *SEALED*.) However, even if Dinkins' medical conditions allow consideration of his Motion, this Court must find extraordinary and compelling circumstances, *as well as* that the defendant would not pose "a danger to the safety of any other person or to the community," U.S.S.G. § 1B1.13(2), and that

a reduction in sentence is consistent with the sentencing factors provided in 18 U.S.C. § 3553(a) in order to grant such Motion.

To determine whether a defendant poses a danger to the community, this Court must consider a number of factors, including (1) the nature and circumstances of the offense; (2) the weight of the evidence against him; (3) his history and characteristics; and (4) the nature and seriousness of the danger he would pose to others upon his release. *See* 18 U.S.C. § 3142(g). Analysis under 18 U.S.C. § 3553(a) involves consideration of some of the same factors. Under § 3553(a), the court considers (1) Dinkins' personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See Bryant*, 2020 WL 2085471 at *4.

Looking to each of these factors, this Court finds that a reduction in Dinkins' sentence is inappropriate. As the Government notes, "[i]t is difficult to imagine a defendant who represents a more obvious danger to the community than Mr. Dinkins." (ECF No. 587 at 14 *SEALED*.) Dinkins planned and participated in murders and attempted murders, operating as a hitman for a drug-trafficking organization. Any sentence in this case must send a message to potential offenders that acts of murder and acts of witness retaliation, which threaten the administration of justice, will be justly punished. The seriousness of the numerous crimes committed by Dinkins warrants the sentence imposed, and a reduction in that sentence would

be inconsistent with the above-listed factors. While Dinkins' medical conditions are serious, at this time it does not appear that any of his conditions are life-threatening, and he is receiving close attention for his conditions from the BOP. (Ex. 1, ECF No. 587-1 *SEALED*.)

## CONCLUSION

Accordingly, for the reasons stated above, it is HEREBY ORDERED this 22nd day of January, 2021, that Defendant Dinkins' Motion for Compassionate Release (ECF No. 576) is DENIED.

\_\_\_\_\_/s/_____
Richard D. Bennett
United States District Judge