IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. RDB-06-0309 |
| JAMES DINKINS, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM ORDER

Defendant James Dinkins ("Defendant" or "Dinkins") is currently serving a sentence of life imprisonment plus forty years for murder, witness retaliation, drug-trafficking, and firearms offenses. On June 23, 2020, Dinkins filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c) (ECF No. 576) in which he contended that because his various medical conditions place him in the highest risk category for complications and death from the COVID-19 virus, he should be granted immediate release.[1] On January 22, 2021, this Court DENIED Dinkins' Motion for Compassionate Release. (Memorandum Order, ECF No. 608.) Now pending are Dinkins' Motion for Reconsideration of this Court's denial of his prior motion for compassionate release along with associated supplements (ECF Nos. 610, 616, 618, 624), Motion to Appoint Counsel (ECF No. 615), and Motion to Compel Government Response to Motion for Reconsideration (ECF No.

---

[1] On July 16, 2018, Dinkins' case was reassigned to the undersigned judge.

623). For the reasons stated below, Dinkins' motions (ECF Nos. 610, 615, 623) are all DENIED.

The facts of this case are summarized in this Court's Memorandum Order denying Dinkins' Motion for Compassionate Release. (ECF No. 608 at 2-4.) This Court's denial of Dinkins' initial motion recognized that the Government did not contend that Dinkins had failed to exhaust his administrative remedies or that he failed to present extraordinary and compelling reasons for release given his various medical conditions.[2] (*Id.* at 5.) Thus, this Court proceeded to analyze whether the factors found at 18 U.S.C. § 3553(a) supported granting the motion. This Court determined that Dinkins represents a grave danger to the community. Dinkins planned and participated in murders and attempted murders, operating as a hitman for a drug-trafficking organization. The nature and seriousness of his offenses warrant the sentence he is currently serving. A lesser sentence would not provide just punishment or promote respect for the law. This Court concludes that its earlier analysis of the § 3553(a) factors is correct. Accordingly, the Motion to Reconsider (ECF No. 610) will be DENIED. Dinkins' Motion to Appoint Counsel (ECF No. 615) is DENIED AS MOOT. This Court has previously considered the Government's Response in Opposition to Dinkins' Motion for Compassionate Release (ECF No. 587 *SEALED*) and does not

---

[2] To the extent Dinkins now claims that he is actually innocent of the crimes of which he was convicted or that he received ineffective assistance of counsel and that those circumstances now warrant release, it is well established that a defendant "cannot use compassionate release to circumvent the law that governs when and how defendants can seek relief for legal errors they allege." *United States v. Pahutski*, No. 3:07-cr-00211-MR-WCM-1, 2021 U.S. Dist. LEXIS 208905, at *9 (W.D.N.C. Oct. 28, 2021). Such arguments render Dinkins' Motion "in substance, an attempt to circumvent the limitation on successive § 2255 motions by dressing his claim as one seeking compassionate release." *Id.*; *see also* ECF Nos. 452, 463, 469, 557 (denying or dismissing all of Dinkins' prior motions to vacate his sentence pursuant to 28 U.S.C. § 2255).

require further briefing on the matter. Therefore, the Motion to Compel the Government to Respond (ECF No. 623) is also DENIED.

## CONCLUSION

For the reasons stated above, it is HEREBY ORDERED this 22nd day of December 2021, that Defendant Dinkins' Motion for Reconsideration (ECF No. 610), Motion to Appoint Counsel (ECF No. 615), and Motion to Compel Government Response (ECF No. 623) are all DENIED.

_____/s/_____
Richard D. Bennett
United States District Judge